Rose, C. J.,
with whom Maupin, J., agrees, concurring:
I write separately to address the circumstances surrounding the alleged not guilty jury verdict on Count I, Sexual Assault, in Peck’s first trial and to discuss the majority’s modification of Moore.
Peck argues that the district court should have dismissed Count I based on the Double Jeopardy Clause of the United States Constitution because the jury in Peck’s first trial found him not guilty of this offense.[1] The incomplete record[2] of the first trial that is before us seems to support the State’s claim that the jury could not reach a verdict on either count. However, if Peck could prove that the jury had reached a verdict on Count I, but it was not presented to the district court because of his trial attorney’s ineffectiveness, I believe a claim of ineffective assistance of counsel would be established. Therefore, I do not think that he should be precluded from exploring this issue in post-appeal proceedings.
With respect to Moore, I disagree with the majority that it is necessary to modify this decision concerning a defendant’s right to have the jury instructed on lesser-related offenses. Although the majority concludes that allowing the defendant to request lesser-related offense instructions brings into doubt the reliability of a verdict, I believe such instructions actually increase reliability.
The fundamental purpose of a criminal trial is the discovery of the truth. See People v. Perry, 594 N.W.2d 477, 485 (Mich. 1999) (Brickley, J., dissenting). At trial, the jury must determine *850 whether the defendant committed the crime charged or some related offense based on the evidence presented. See id. The absence of a lesser-related offense, however, increases the risk that the jury will convict the defendant of the charged offense, merely because the jury’s only other choice would be to set the accused criminal free. See id (citing People v. Hendricks, 521 N.W.2d 461 (1994)) (quoting Spaziano v. Florida, 468 U.S. 447, 455 (1984)). Allowing an instruction on a lesser-related offense gives the factfinder more choices, and consequently gives jurors the ability to convict a defendant for the crime that is best substantiated by the evidence. Accordingly, I believe such instructions promote our justice system’s effective search for the truth. Based on this reasoning, I see no need to modify Moore, and disagree that taking away choices from the jury promotes “mutual fairness.” The rule in Moore allows the factfinder to agree with an interpretation of the evidence presented that may not be embodied in the charges brought by the State. Thus, the jury is able to obtain a verdict grounded on truth and distortion in the factfinding process is minimized. See id.
Further, Moore does not give the defendant an unequivocal right to present lesser-related offense instructions. Instead, the defendant must first satisfy three conditions: “(1) the lesser offense is closely related to the offense charged; (2) defendant’s theory of defense is consistent with a conviction for the related offense; and (3) evidence of the lesser offense exists.” Moore, 105 Nev. at 383; 776 P.2d at 1238. Of these requisites, the second provides adequate protection against potential abuse by the defense.[3] For instance, if the district court finds that the defendant is proposing instructions merely for the purpose of distracting the jury or some other untoward purpose, the court should, in its discretion, find that the instruction is inconsistent with the defense theory and reject the request. Because I believe that the conditions required in Moore sufficiently address any mutuality of fairness concern and because the rule, in general, effectively promotes the truthfinding process, I would refrain from modifying the holding in Moore.
In the present matter, Peck’s defense was that the sexual encounter was consensual. Therefore, Peck contends that he was guilty of, at most, open or gross lewdness and indecent exposure. Because these offenses were clearly consistent with Peck’s theory, and otherwise meet the Moore criteria, I would hold that the district court erred in failing to give the lesser-related instructions. See also Young v. State, 109 Nev. 205, 215, 849 P.2d 336, 343 (1993) (“A conviction [of open or gross lewdness or indecent *851 exposure] does not require proof of intent to offend an observer or even that the exposure was observed.”). However, because of the overwhelming evidence of guilt presented at trial, I cannot see how the failure to instruct on these misdemeanors would have in any way affected the felony verdicts in this case. Therefore, I believe that the error here is harmless and does not affect the reliability of the verdicts.
Accordingly, I concur with the majority.

I agree with the majority that the Double Jeopardy Clause of the United States Constitution is not implicated, on the facts of this case, where a mistrial has been declared. See Beck v. District Court, 113 Nev. 624, 939 P.2d 1059 (1997).

The majority states that “the district judge declared a mistrial after questioning the jury foreman and ascertaining that the jury was unable to reach a verdict.” However, a thorough review of the record on appeal reveals no support for this proposition, as the minutes and transcripts of the first proceeding are absent.

Indeed, if Moore needs to be changed, perhaps clarification of this condition is more appropriate than an outright abolition of the rule.